UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NICORDO FOLKES,

    Plaintiff,

v.                                          Case No. 3:22cv10880-LC-HTC

C. MAIORANA, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF Doc. 1. The complaint was not accompanied by the filing fee or a motion to proceed *in forma pauperis*. Nevertheless, after reviewing the complaint, the undersigned recommends this case be transferred *sua sponte* to the U.S. District Court for the Southern District of Florida. Aside from the Warden of Blackwater River Correctional Facility, all named individual Defendants are or were employees of South Bay Correctional Facility and the incident forming the basis of Plaintiff's allegations occurred in 2018 at South Bay.

**I.    BACKGROUND**

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC") currently incarcerated at Blackwater River Correctional Facility ("BRCF"). His complaint names six Defendants: (1) C. Maiorana, the Warden of BRCF; (2) W.

Hamilton, the Warden of South Bay Correctional Facility ("SBCF"); (3) Alminna, a doctor at SBCF; (4) Crawford, an officer at SBCF; (5) Smith, a nurse at SBCF; and (6) Geo Group, Inc. ("Geo"), a corporation which operates several prisons in Florida. ECF Doc. 1 at 1-3.  The complaint sets forth the following factual allegations, the truth of which are accepted for purposes of this Report and Recommendation.

Plaintiff suffered injuries when he slipped and fell on a wet floor at SBCF on October 5, 2018.  Dr. Alminna evaluated Plaintiff and gave him ibuprofen but declined to order x-rays or an MRI.  Although Plaintiff continued to seek medical treatment, the staff at SBCF, including Defendants Alminna and Crawford, "w[ere] willfully blind to Plaintiff's pain."  Because Geo "owns and operates" SBCF, Plaintiff alleges it is liable for his slip and fall.

Over three years later, on January 18, 2022, Plaintiff submitted an informal grievance requesting treatment for the injuries from the 2018 fall at SBCF; the grievance was denied on January 26.  On March 23, Plaintiff filed a formal grievance regarding Defendant Crawford's failure to allow Plaintiff "to seek proper medical treatment."  Although not exactly clear, it appears this grievance (while dealing with Crawford's conduct) was submitted to Defendant Warden Maiorana at BRFC.  The Warden denied the formal grievance on March 25, and Plaintiff filed an appeal to the Secretary of the FDOC on March 30.  C. Neel, the assistant warden at BRCF, who is not a defendant, denied the appeal on April 5.  Plaintiff alleges "staff at Geo

owned" BRCF "perpetrated a fraud," denied him due process by "evading his appeal" to the FDOC Secretary's Office, and "falsely authoriz[ed] a denial."

Based on the foregoing, Plaintiff brings: (1) an Eighth Amendment claim against SBCF staff and the warden of BRCF for deliberate indifference to a serious medical need; (2) a "trespass on the case" claim against Geo for the wet floor at SBCF and resulting slip and fall; and (3) a Fourteenth Amendment claim against unspecified Defendants for avoiding "the claims in all reports and remedies sought" and "not allowing the Plaintiff a true opportunity to be heard on the claim of injury during a fall at [SBCF] in a meaningful time in a meaningful manner." ECF Doc. 1 at 8-9. As relief, Plaintiff seeks damages and an injunction requiring the Defendants "to provide all necessary medical tests, x-rays, MRIs, and treatment" of the injuries from the October 2018 fall. *Id.* at 10.

## II. DISCUSSION

A civil action may be brought in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. §

1391(b). In addition, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

Plaintiff's allegations—experiencing a fall and receiving inadequate treatment for the injuries sustained in the fall—primarily took place at SBCF. Four of the five individual Defendants worked exclusively at SBCF and the allegations against the corporate Defendant, Geo, relate to its failure to address the wet floor at SBCF. SBCF is in Palm Beach County, which falls within the territorial jurisdiction of the Southern District of Florida.

The complaint also contains allegations relating to BRCF, which is in the Northern District of Florida. Plaintiff alleges Maiorana, the Warden of BRCF, exhibited deliberate indifference by denying his formal grievance. Plaintiff also appears to allege Maiorana violated the Fourteenth Amendment by failing to provide a meaningful grievance process. Both claims, however, are of questionable merit. First, "merely denying a grievance, without personally participating in the unconstitutional conduct brought to light by the grievance, is insufficient to establish § 1983 liability."[1] *Smith v. Tifft*, 2013 WL 5913796, at *9 (N.D. Fla. Oct. 31, 2013)

---

[1] Plaintiff attached the formal grievance and response to the complaint. ECF Doc. 1 at 13-14. The formal grievance does not contain information which suggests Plaintiff faced a substantial risk of serious harm. Furthermore, "[p]rison officials who rely on medical personnel for the clinical

(citations omitted). Second, "an inmate has no constitutionally-protected liberty interest in access to [a grievance] procedure." *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (citations omitted); *accord Flowers v. Tate*, 925 F.2d 1463 (6th Cir. 1991) (holding a prisoner "does not have a constitutional right to an effective grievance procedure").

Regardless, it is not clear Plaintiff's allegations regarding the events at SBCF and BRCF can be joined in the same action. Fed. R. Civ. P. 20(a)(2) permits a plaintiff to sue multiple defendants if the claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences and a question of law or fact common to all defendants will arise in the action. "Even if claims are properly joined, a district court retains discretion to sever distinct and separate claims." *Sussman v. Sec'y, Fla. Dep't of Corr.*, 2022 WL 53608, at *1 (11th Cir. Jan. 6, 2022) (citing Fed. R. Civ. P. 21, 42(b)). Rather than make that decision, however, the undersigned finds a transfer to best serve the interests of justice, particularly given the 4-year statute of limitations applicable to § 1983 claims. *See Ellison v. Lester*, 275 F. App'x 900, 901-902 (11th Cir. 2008) ("[T]he four-year statute of limitations under Fla. Stat. § 95.11(3) applies to § 1983 claims arising in Florida.") (citing *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003)).

---

determinations lack the requisite knowledge for deliberate indifference, absent evidence that clinical determination [was] unreliable." *Lynch v. Jackson*, 478 F. App'x 613, 619 (11th Cir. 2012) (citation omitted).

Case No. 3:22cv10880-LC-HTC

Finally, "there is a long-approved practice of permitting a court to transfer a case *sua sponte* under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. § 1404(a), but only so long as the parties are first given the opportunity to present their views on the issue. Before transferring *sua sponte* under section 1404(a), the judge should, at minimum, issue an order to show cause why the case should not be transferred, and thereby afford the parties an opportunity to state their reasons." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quotations and citations omitted). Because Plaintiff will have an opportunity to file objections to this Report and Recommendation, the Report serves as sufficient notice. *See Nalls v. Coleman Low Fed. Inst.*, 440 F. App'x 704, 706 (11th Cir. 2011) (affirming *sua sponte* transfer where the plaintiff was "given an opportunity to voice his objections to a transfer, which the district court considered and rejected").

Accordingly, it is RECOMMENDED:

1. That the clerk TRANSFER this case to the United States District Court for the Southern District of Florida.

2. That the clerk close the file.

At Pensacola, Florida, this 8th day of August 2022

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:22cv10880-LC-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of this report and recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.